IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **AMERICAN VETERANS OF IGBO DESCENT** <br> P.O. Box 7561 <br> Jacksonville, Florida 32238 <br><br> Plaintiff, <br><br> v. <br><br> **IVAN SASCHA SHEEHAN**, <br> University of Maryland, Baltimore, <br> 1420 N. Charles Street, <br> Baltimore, Maryland. <br><br> AND <br><br> **UNIVERSITY OF MARYLAND, BALTIMORE**, <br> 1420 N. Charles Street, <br> Baltimore, Maryland. <br><br> Defendants. | * * * * * * * * * * * * * * * * * * * * | CASE NO: _____ <br><br> JURY TRIAL DEMANDED |

---

### COMPLAINT FOR DEFAMATION

Comes now Plaintiff, American Veterans of Igbo Descent ("AVID"), through its undersigned attorney, and files this Complaint for defamation seeking, among other reliefs, compensatory and punitive damages against Defendants, Ivan Sascha Sheehan and the University of Maryland, Baltimore. In support of this Complaint, Plaintiff states as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. 1332 because the amount in controversy exceeds $75,000, AVID is a citizen of Florida, and Defendants Sheehan and the University of Baltimore are citizens and residents of Maryland.

## VENUE

2. Venue is proper in this Court under 28 U.S.C. 1391 (b) (2) because the acts described herein occurred in Maryland and the Defendants principal place of business is in Maryland.

## PARTIES

3. Plaintiff, American Veterans of Igbo Descent ("AVID") is comprised of Igbo Ethnic men and women who have served in different branches of the United States military.

4. All Igbos are Biafrans and widely regarded as members of the Indigenous People of Biafra ("IPOB"), who have been targeted by the Defamatory article at published by the Defendants.

5. Defendant Ivan Sascha Sheehan is the executive director of the School of Public and International Affairs at the University of Baltimore.

6. On information and belief, Defendant Sheehan is an unregistered foreign agent of the Federal Government of Nigeria in violation of the Foreign Agents Registration Act.

7. Defendant University of Maryland, Baltimore employs Defendant Sheehan.

8. Defendant Sheehan published seven defamatory falsehoods in the Washington Times about Indigenous People Of Biafra ("IPOB") in conspiracy with the Federal Government of Nigeria as alleged hereafter.

## STATEMENT OF FACTS

9. On or about Monday, October 4, 2021, Defendant Sheehan published in The Washington Times an "ANALYSIS/OPINION" defamatory article headlined "U/S/ ignores small African terrorist group IPOB at its peril."

10. The article contained multiple defamatory falsehoods about IPOB published with ill will and with knowledge of their falsity or with reckless disregard of whether they were true or not.

11. Defamatory falsehood number 1 asserted "An African terrorist organization [IPOB] is suing U.S. Secretary of State Antony Blinken…." IPOB is not a terrorist organization under U.S. law or any law of a foreign country other than Nigeria.

12. IPOB's designation as terrorist organization in Nigeria was made via a judicial edict with no hearing or due process.

13. IPOB opposes violence. It supports an independent Biafran sovereignty by peaceful means.

14. At present, the Federal Republic of Nigeria is engaged in an ongoing genocide of Biafrans.

15. Terrorist organizations employ unlawful violence against civilians to advance political objectives. IPOB does not.

16. Defamatory falsehood number 2 asserted, in context, that IPOB deserves listing as a foreign terrorist organization by the Secretary of State pursuant to section 219 of the Immigration and Nationality Act: "The violent secessionist group in question—the Indigenous People of Biafra (IPOB)—is yet to be designated as a Foreign Terrorist Organization by the US Department of State." Among other things, an FTO listing requires proof that the organization engages in premeditated politically motivated violence against civilians or noncombatants. See 22 U.S.C. 2656f(d)(2); 8 U.S.C. 1182 (a) (3) (B).

17. IPOB does not engage in politically motivated violence against civilians or noncombatants or otherwise and does not qualify for listing as an FTO under the laws of the United States.

18. Defamatory falsehood number 3, in context, asserted that IPOB leader Nnamdi Kanu supports terrorism: "That [Nnamdi Kanu] feels no need to even disguise his support for terrorism is worrisome." But Nnamdi Kanu opposes terrorism. It is the Federal Government of Nigeria that daily practices terrorism against Biafrans.

19. Defamatory falsehood number 4, in context, asserted that since December 2020, IPOB has engaged in violent and escalating attacks on both Nigerian security personnel and civilians:

"Since then [December 2020] violent IPOB attacks on both security personnel and civilians have surged by a terrifying 59% deaths by 344%."

20. In fact, IPOB refrains from the use of force except in self-defense. IPOB has not attacked either security personnel or civilians since December 2020 or otherwise.

21. Defamatory falsehood number 5, in context, accused IPOB of killing the Fulani and inciting murder of any person who rents or provides accommodations to a Fulani:

"Through Radio Biafra, IPOB regularly calls on its supporters to not only kill the Fulani, but to kill 'any landlord that gives accommodations or rents his house or her house to a Fulani person."

22. In fact, IPOB does not call on supporters to kill the Fulani. Neither does IPOB call on its supporters to kill landlords that rent to the Fulani.

23. Defamatory falsehood number 6, in context, accuses IPOB of butchering six young Fulani children with machetes, burning a baby alive, and discarding the corpses in mass graves: "In one recent [IPOB] attack on a Fulani community, six young children were butchered with machetes—one, a baby, was burned alive. Their bodies were discarded in mass graves."

24. In fact, IPOB did not kill young Fulani children, did not burn a baby alive, and did not bury the putative corpses in mass graves.

25. Defamatory falsehood number 7, in context, accuses IPOB of resorting to threats and violence to coerce politicians and civilians to surrender to its political demands:

"Whether with threats made on Biafra Radio or repeated acts of violence, IPOB coerces politicians and civilians to acquiesce to its radical political demands."

26. In fact, IPOB refrains from threats or violence or coercion in its political activities, which are peaceful and protected by the universally protected rights of free speech or association under international law.

27. Defamatory falsehoods 1-7 all falsely accuse IPOB of crimes of violence, including terrorism, which are per se defamatory.

28. The Defamatory publications widely aired in Nigerian News Networks and contributed to escalation of extrajudicial killings in the Southeast of Nigeria, and a lot of IPOB are still unlawfully jailed.

29. Members of AVID who are mostly IPO are retired and serving military. The taint of terrorism is an affront to the values they al uphold. It goes against the Military Code, and everything they have fought for in wars in Iraq, Afghanistan, and other places. It adversely impacts them and may even lead to loss of their earned Veterans Benefits.

30. The smear of terrorism also affects them because of their Igbo ancestry, particularly considering their identification as US Veterans of Igbo Descent. Like it is the case with innocent citizens from some terrorists' states such as Iran. The labelling or finding of terrorism attracts more scrutiny and even hate induced violence. Jewish synagogues and institutions have been increasingly targeted and there is documented increase in hate crimes against Jewish Americans because of the exported hatred of Jewish Americans.

31. Because of the Defendants Defamatory publications, similar sentiments and hates has been directed towards Biafran-Americans or Igbo Americans.

32. The Igbos already have enough problems dealing with the international jihadists in Nigeria. It does not need to be exported or imported to the US to target groups like AVID and its members.

33. On information and belief, Defendant Sheehan conspired with the Federal Government of Nigeria (FRN) to write and publish the 7 defamatory falsehoods in exchange for a monetary payment or something of material value from the FRN as a reward.

34. On information and belief, the Defendant University of Maryland, Baltimore conspired with Defendant Sheehan and the FRN to have Defendant Sheehan's 7 defamatory falsehoods published referencing his capacity as the executive director of the School of Public and International Affairs at the University of Maryland, Baltimore in exchange for money or anything of value from the FGN.

35. Defamatory falsehoods 1-7 all accused IPOB of complicity in crimes of violence which are defamatory per se.

36. The intent and effect of defamatory falsehoods 1-7 subjected Igbo people and IPOB to professional and social ostracism and curtailment of its ability to attract members and donations.

### COUNT 1-DEFAMATION-DEFENDANT SHEEHAN

37. Plaintiff realleges paragraphs 1-36 as if alleged herein.

38. Defamatory falsehood number 1 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

39. Defamatory falsehood number 1 has directly and proximately caused damage to Plaintiff's reputation in an amount to be determined at trial.

40. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

41. Defamatory falsehood number 1 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 2-DEFAMATION-DEFENDANT SHEEHAN

42. Plaintiff realleges paragraphs 1-41 as if alleged herein.

43. Defamatory falsehood number 2 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

44. Defamatory falsehood number 2 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

45. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

46. Defamatory falsehood number 2 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 3-DEFAMATION-DEFENDANT SHEEHAN

47. Plaintiff realleges paragraphs 1-46 as if alleged herein.

48. Defamatory falsehood number 3 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

49. Defamatory falsehood number 3 has proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

50. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

51. Defamatory falsehood number 3 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 4-DEFAMATION-DEFENDANT SHEEHAN

52. Plaintiff realleges paragraphs 1-51 as if alleged herein.

53. Defamatory falsehood number 4 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

54. Defamatory falsehood number 4 has directly and proximately caused damage Plaintiff's reputation in an amount to be Determined at trial.

55. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

56. Defamatory falsehood number 4 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 5-DEFAMATION-DEFENDANT SHEEHAN

57. Plaintiff realleges paragraphs 1-56 as if alleged herein.

58. Defamatory falsehood number 5 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

59. Defamatory falsehood number 5 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

60. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

61. Defamatory falsehood number 5 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 6-DEFAMATION-DEFENDANT SHEEHAN

62. Plaintiff realleges paragraphs 1-61 as if alleged herein.

63. Defamatory falsehood number 6 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

64. Defamatory falsehood number 1 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

65. Defamatory falsehood number 6 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 7-DEFAMATION-DEFENDANT SHEEHAN

66. Plaintiff realleges paragraphs 1-65 as if alleged herein.

67. Defamatory falsehood number 7 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

68. Defamatory falsehood number 7 has directly and proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

69. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

70. Defamatory falsehood number 7 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 8-DEFAMATION-DEFENDANT UNIVERSITY OF MARYLAND, BALTIMORE

71. Plaintiff realleges paragraphs 1-70as if alleged herein.

72. Defamatory falsehood number 1 was published in conspiracy between by Defendant Sheehan and Defendant University of Maryland, Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

73. Defamatory falsehood number 1 has directly and proximately caused damage to Plaintiff's reputation in an amount to be determined at trial.

74. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

75. Defamatory falsehood number 1 was published with ill-will or spite in conspiracy between Defendant Sheehan and Defendant University of Maryland, Baltimore justifying an award of punitive damages against Defendant University of Maryland, Baltimore.

## COUNT 9-DEFAMATION-DEFENDANT UNIVERSITY OF MARYLAND, BALTIMORE

76. Plaintiff realleges paragraphs 1-75 as if alleged herein.

77. Defamatory falsehood number 2 was published by Defendant Sheehan in conspiracy with Defendant University of Maryland, Baltimore with both having knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

78. Defamatory falsehood number 2 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

79. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

80. Defamatory falsehood number 2 was published with ill-will or spite in conspiracy between the University of Baltimore and Defendant Sheehan justifying an award of punitive damages against the University of Maryland, Baltimore.

## COUNT 10-DEFAMATION-DEFENDANT UNIVERSITY OF MARYLAND, BALTIMORE

81. Plaintiff realleges paragraphs 1-80 as if alleged herein.

82. Defamatory falsehood number 3 was published by Defendant Sheehan in conspiracy with Defendant University of Maryland, Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

83. Defamatory falsehood number 3 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

84. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

85. Defamatory falsehood number 3 was published with ill-will or spite in conspiracy between Defendant University of Baltimore and Defendant Sheehan justifying an award of punitive damages against Defendant University of Maryland, Baltimore.

## COUNT 11-DEFAMATION-DEFENDANT UNIVERSITY OF MARYLAND BALTIMORE

86. Plaintiff realleges paragraphs 1-85 as if alleged herein.

87. Defamatory falsehood number 4 was published by Defendant Sheehan in conspiracy with Defendant University of Maryland, Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

88. Defamatory falsehood number 4 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

89. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

90. Defamatory falsehood number 4 was published with ill-will or spite in conspiracy between Defendant University of Maryland, Baltimore and Defendant Sheehan justifying an award of punitive damages against Defendant University of Maryland, Baltimore.

## COUNT 12-DEFAMATION-DEFENDANT UNIVERSITY OF MARYLAND BALTIMORE

91. Plaintiff realleges paragraphs 1-90 as if alleged herein.

92. Defamatory falsehood number 5 was published by Defendant Sheehan in conspiracy with Defendant University of Maryland, Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill will.

93. Defamatory falsehood number 5 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

94. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

95. Defamatory falsehood number 5 was published with ill-will or spite in conspiracy between Defendant University of Maryland, Baltimore and Defendant Sheehan justifying an award of punitive damages against Defendant University of Maryland, Baltimore.

## COUNT 13-DEFAMATION-DEFENDANT UNIVERSITY OF MARYLAND BALTIMORE

96. Plaintiff realleges paragraphs 1-95 as if alleged herein.

97. Defamatory falsehood number 6 was published by Defendant Sheehan in conspiracy between Defendant University of Maryland, Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill will.

98. Defamatory falsehood number 6 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

99. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

100. Defamatory falsehood number 6 was published with ill-will or spite in conspiracy between Defendant University of Maryland, Baltimore and Defendant Sheehan justifying an award of punitive damages against the University of Maryland, Baltimore.

### COUNT 14-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

101. Plaintiff realleges paragraphs 1-100 as if alleged herein.

102. Defamatory falsehood number 7 was published by Defendant Sheehan in conspiracy with Defendant University of Maryland, Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill will.

103. Defamatory falsehood number 7 has directly and proximately caused damage Plaintiff's reputation in an amount to be determined at trial.

104. Defamatory falsehood number 1 has directly and proximately caused emotional severe emotional distress and personal humiliation.

105. Defamatory falsehood number 7 was published with ill-will or spite in conspiracy between Defendant University of Maryland, Baltimore and Defendant Sheehan justifying an award of punitive damages against the Defendant University of Maryland, Baltimore.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally as follows:

a) For general damages as to Counts 1-14 of not less than TWO MILLION DOLLARS as to each count or such other amount to be determined at trial;

b) For special damages as to Counts 1-14 of not less than ONE MILLION FIVE DOLLARS as to each count or such other amount to be determined at trial;

c) For punitive damages against each Defendant as to Counts 1-14, respectively, in an amount to be determined at trial, but not less than ten times the amount of general and special damages as to each count, to punish and penalize Defendants and to deter repetition.

d) For an injunction requiring Defendants to remove all statements adjudicated defamatory in this case from all websites or other digital, social media, or hard copy platforms in their control.

e) For an injunction requiring Defendants to publish a retraction of the statements found defamatory including a retraction published in The Washington Times.

f) For attorneys' fees and costs incurred by Plaintiffs in this action; and,

g) For such other and further relief as the Court deems just and proper.

Date: September 30, 2022

Respectfully submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah
_____
Joseph M. Nde Fah, Esq.
(Bar No.: 13932)
8757 Georgia Avenue, Suite 440
Silver Spring, MD 20910
T: (301) 585 3314
F: (301) 585 0854
jfah@fahlawgroup.com

**Attorney for American Veterans Of Igbo Descent**

## JURY DEMAND

Plaintiffs demand a jury trial of all issues so triable in this cause pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VERIFICATION

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF

*Sly Onya*
**Dr. Sly Onyia**

Date: September 30, 2022

Respectfully submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah
_____
Joseph M. Nde Fah, Esq.
(Bar No.: 13932)
8757 Georgia Avenue, Suite 440
Silver Spring, MD 20910
T: (301) 585 3314
F: (301) 585 0854
jfah@fahlawgroup.com

**Attorney for American Veterans Of Igbo Descent**